UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Stanley M. Ballenger,  # 151010,          )     C/A No. 6:06-3349-RBH-WMC
                                          )
                        Plaintiff,        )
                                          )
vs.                                       )     **Report and Recommendation**
                                          )
Bradley A. Norton, Oconee County Attorney; )
Sallie C. Smith, Clerk of Court           )
  in Oconee County; and                   )
Daniel E. Grigg, Attorney at Law,         )
                                          )
                        Defendants.       )
_____   )

The plaintiff, Stanley M. Ballenger ("Plaintiff"), proceeding *pro se,* brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Northside Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action under 28 U.S.C. § 1915. The Complaint names as defendants Bradley A. Norton, an attorney who was court-appointed to represent Plaintiff in a Post-Conviction Relief (PCR) proceeding; Sallie C. Smith, Clerk of Court in the court where Plaintiff filed his PCR; and Daniel E. Grigg, of the Attorney General's Office, who represented the State of South Carolina in Plaintiff's PCR proceedings.

Plaintiff's Complaint addresses various alleged inadequacies of Defendant Norton in connection with his representation of Plaintiff in his PCR proceedings, including an allegation that Defendant Norton failed to argue all of the issues raised by Plaintiff. The Complaint alleges that Defendant Smith failed to file various documents Plaintiff wanted to file, and that there were other delinquencies in her performance as Clerk of Court during

---

[1]Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

his PCR proceedings. Additionally, Plaintiff's Complaint alleges misconduct on the part of Defendant Grigg in connection with Plaintiff's PCR proceedings, including dilatory tactics that led to "inordinate and unjustifiable delay" of proceedings. Since Plaintiff asserts that Defendants' actions violated several of his federal constitutional rights, this case is being considered as one filed pursuant to 42 U.S.C. § 1983.[2] Defendants are not amenable to suit under § 1983, and, accordingly, this Complaint should be dismissed for failure to state a claim.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).[3]

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3] The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

*Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

Defendants in this case are not amenable to suit, for the following reasons.

**1. Color of State Law**

Defendant Norton was Plaintiff's court-appointed counsel for his PCR proceedings. Defendant Norton is entitled to summary dismissal from this case because he did not act under color of state law when he represented Plaintiff. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

In *Hall v. Quillen*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

631 F.2d at 1155 (citations omitted); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed"). Because a court-appointed attorney does not act under color of state law, the Complaint fails to state a viable § 1983 claim against Defendant Norton and should be summarily dismissed as to this defendant.

### 2. Immunity

Immunity presents a threshold question which should be resolved before discovery is even allowed. *Siegert v. Gilley*, 500 U.S. 226 (1991). Absolute immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Defendant Smith is the Clerk of Court in the court in which Plaintiff filed his application for PCR. "[I]mmunity applies to all acts of auxiliary court personnel that are 'basic and integral part(s) of the judicial function. . . .'" *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (*quoting Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d

1385, 1390 (9th Cir. 1987)) (cited with approval in *Jackson v. Houck*, No. 05-7769, slip op. at 2, 2006 WL 1344807 (4th Cir. May 17, 2006) ); *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities.  As such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983 . . . .").

The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel).  Since Plaintiff attempts to sue Defendant Smith only for actions taken in the discharge of her official responsibilities, Defendant Smith is entitled to quasi-judicial immunity, and the Complaint Defendant Smith should, therefore, be summarily dismissed as to Defendant Smith.

Finally, Plaintiff's Complaint alleges misconduct on the part of Defendant Grigg in connection with his representation of the State during Plaintiff's PCR proceedings. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991).  The United States Supreme Court has held that

prosecutors, when acting in the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Representing the state in a PCR proceeding is such an "intimately associated" proceeding. *See House v. Belford*, 956 F.2d 711, 721 (7th Cir. 1992). Since Plaintiff attempts to sue Defendant Grigg for constitutional violations allegedly committed during PCR proceedings, and since Grigg is entitled to prosecutorial immunity for such activities, the Complaint should be summarily dismissed as to Grigg.

### 3. Strike under 28 U.S.C. § 1915(g)[4]

Because Plaintiff has named no defendants who are amenable to suit such that he fails to state a claim upon which relief may be granted, I recommend that this case be deemed a "strike" under 28 U.S.C. § 1915(g). This will be Plaintiff's second such strike.

### Recommendation

Accordingly, it is recommended that the District Court dismiss this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Todd v. Baskerville*; 28 U.S.C. § 1915(e)(2)(B)(ii); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

---

[4] 28 U.S.C. § 1915(g): In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Additionally, because Plaintiff has named no defendants who are amenable to suit and fails to state a claim upon which relief may be granted, and since he seeks damages from two defendants entitled to immunity, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  Plaintiff's attention is directed to the important notice on the next page.

                                        s/William M. Catoe  
                                        United States Magistrate Judge

December 4, 2006  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).