UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| STANLEY M. BALLENGER, ) | Civil Action No.: 6:06-cv-3349-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BRADLEY A. NORTON, Oconee ) | |
| County Attorney; SALLIE C. ) | |
| SMITH, Clerk of Court for ) | |
| Oconee County; DANIEL E. ) | |
| GRIGG, Attorney, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter comes before the court with the Report and Recommendation [Docket Entry #5] of Magistrate Judge William M. Catoe filed on December 4, 2006.

Plaintiff, proceeding *pro se*, is currently incarcerated at Northside Correctional Institution in Una, South Carolina. Plaintiff brought this action under 42 U.S.C. § 1983 against his court-appointed Post-Conviction Relief (PCR) attorney, the Clerk of Court where Plaintiff filed his PCR petition, and the attorney who represented the State of South Carolina in Plaintiff's PCR proceedings. Plaintiff seeks monetary damages against the Defendants "for an excess amount of $7.5 million dollars."

The Magistrate Judge recommended that the Plaintiff's complaint be dismissed without prejudice and without issuance and service of process for failure to state a claim upon which relief may be granted. The Magistrate Judge also recommended that this case be deemed a "strike" under 28 U.S.C. § 1915(g). On December 18, 2006, the Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

With regard to Defendant Norton, Plaintiff's court-appointed PCR attorney, the Magistrate Judge found that Norton was entitled to summary dismissal from this case because he did not act under color of state law when he represented Plaintiff. An attorney, whether a public defender, privately retained, or court-appointed, does not act under color of state law when engaged in the general representation of a criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980).

The Magistrate Judge concluded that Defendant Smith, as Clerk of Court, was entitled

to immunity from suit under the doctrine of absolute quasi-judicial immunity. *See Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993); *Jackson v. Houck*, No. 05-7769, 2006 WL 1344807, at *1 (4th Cir. May 17, 2006); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). Similarly, the Magistrate Judge concluded that Defendant Grigg was entitled to immunity from suit under the doctrine of prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991).

The court has reviewed Plaintiff's objections and finds that they are without merit.

### Conclusion

For the reasons stated above and by the Magistrate Judge, this court overrules Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Accordingly, Plaintiff's case is **DISMISSED without prejudice** and without issuance and service of process. All pending motions are hereby rendered **MOOT**. Further, this case shall be deemed a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

May 16, 2007                                           s/ R. Bryan Harwell
Florence, South Carolina                               R. Bryan Harwell
                                                       United States District Judge